New Jersey Department of Labor,
Workmen's Compensation Bureau.

ANNA M. DAGGETT, PETITIONER, v. BERGENFIELD BOR-
OUGH MAYOR AND COUNCIL, RESPONDENT.

Decided May 19, 1936.

For the petitioner, *Morris B. Kantoff.*

For the respondent, *Winne & Banta.*

This is a claim coming on for determination under the provisions of the New Jersey Workmen's Compensation act, in which a petition was filed on November 15th, 1935, and answer filed on or about November 30th, 1935. The case was brought on for hearing at Hackensack, New Jersey, on January 20th, 1936, February 17th, 1936, March 7th, 1936, March 23d, 1936, and April 6th, 1936.; the respondent being represented by John Christie, for Winne & Banta, Esqs.

It appears from the testimony and the petition as presented in connection with this claim that the petitioner's deceased husband had been employed by the American Express Company, until the time of his death which occurred on April 27th, 1935. It appears that he had been in good health up to the date of his death. On the morning of April 27th, 1935, at about ten thirty-nine A. M., the fire signal sounded, decedent ran to the fire in response to said call. Decedent, while engaged in extinguishing a brush and field fire in the borough of Bergenfield, while wielding a beater and engaged in the

act of extinguishing the fire, smoke and flames blew up into his face and body making it necessary for him to suddenly apply his strength and muscle to avoid being burned. He was choking and gagging as a result of smoke and fire. Flames shot up suddenly being fanned by the wind and fell suddenly and shot up repeatedly. Decedent worked desperately to save himself and to prevent serious spreading of the fire. Face and eyebrows and eyelashes were singed and burned. Decedent choked as a result of smoke and fire in his lungs. While decedent was on his way toward home from the first fire, a second alarm sounded about two or three minutes after the completion of the extinguishment of the first fire; decedent then rushed back toward the firehouse in response to the second alarm. On his way decedent was stricken and immediately taken in an automobile to the office of Dr. Lloyd B. Whitman. When the doctor examined decedent he found that death had already occurred about a minute or two prior to his examination and that in his opinion death was due to acute dilatation of the heart. It was the opinion of this doctor and that of Dr. George D. Appold, that the petitioner's decedent came to his death as the result of acute dilatation of the heart, followed as result of the nervous strain and exertion accompanying the wielding of the beater by decedent while he was engaged in the act of extinguishing the fire and by the inhalation of smoke by decedent and the necessity of using his strength to avoid being burned by the flames which he was endeavoring to extinguish. Running to the second fire was an aggravation of the acute dilatation of the heart, suffered by the decedent while engaged in the extinguishment of the first fire.

Dr. Leo Koeppel, appearing for the respondent, expressed the opinion that the petitioner's husband died of natural causes, and that the acute dilatation of the heart suffered by the decedent was brought about by the accumulation of exertion on the part of the decedent in running to the first fire and working desperately in extinguishing the first fire and then running to the second fire. All of which in his opinion was responsible for the acute dilatation of the heart suffered

by the decedent. It was his opinion that decedent's death was not brought about by any one particular act performed by him on that day, but by the accumulation of acts.

I find as a fact from the evidence submitted by both petitioner and respondent that the petitioner's decedent came to his death as the result of acute dilatation of the heart, brought about by the exertion and strain of decedent, in using a beater to beat out the flames, decedent running to the fire, his walk back to the firehouse, his answering of the second alarm, all justify the conclusion that the unusual exertion brought about the fatal result.

Chapter 172 of the laws of 1931 (*N. J. Stat. Annual* 1931, §§ **236-38a(1) *et seq.*) gives special provision for compensation to be paid to volunteer firemen, to provide compensation under three different conditions which might exist. First, provision is made for compensation to volunteer firemen or his dependents when said volunteer fireman was at the time of the accident earning a regular weekly salary. Second, provision is made for determining the compensation rate when the volunteer fireman is not receiving a wage, but has an income derived from some other source. Third, when the volunteer fireman is not working for a wage and has no income at the time of the accident, but was at a previous time employed and receiving wages. The present case comes under the second definition as indicated above, and in such instance the statute provides that the compensation rate shall be at the rate of forty per cent. for two dependents or the rate of thirty-five per cent. for one dependent, or the sum of $14 per week for three hundred weeks, and the sum of $12.25 per week until the infant son, Charles, arrives at the age of sixteen.

In the present case the decedent left his wife, Anna M. Daggett, and a son, Charles, aged seven on June 27th, 1935; at the time of his death decedent was earning $7 per day, for a five day week, as chauffeur for the American Express Company. Under the provisions of the statute, therefore, compensation in this claim will be at the rate of $14 a week for a period of three hundred weeks and at the rate of $12.25

per week until the son, Charles Daggett, arrives at the age of sixteen years.

It is, therefore, on this 19th day of May, 1936, ordered, that the respondent pay to the petitioner the sum of $14 a week beginning as of April 27th, 1935, for a period of three hundred weeks and the sum of $12.25 a week until the son, Charles Daggett, arrives at the age of sixteen years. The amount which has accrued to date of first payment will be paid in one lump sum.

\*      \*      \*      \*      \*      \*      \*

JOHN C. WEGNER,
*Deputy Commissioner.*